UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MARCUS NOY,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>WILLIAM HYATT, GEORGE PAYNE,<br>and JARED EAKRIGHT,<br><br>　　　　Defendants. | CAUSE NO. 3:22-CV-824-RLM-MGG |

OPINION AND ORDER

Marcus Noy, a prisoner without a lawyer, filed a complaint. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Noy alleges that he was injured while coming to the defense of a friend who was attacked while they were incarcerated at Miami Correctional Facility. He sues Warden William Hyatt and Deputy Warden George Payne for allowing an atmosphere of violence to exist and for not training correctional officers properly. He also sues Pod Officer Jared Eakright for his allegedly inept and lackluster response to the violent situation that occurred during his shift.

Mr. Noy takes the allegations in his complaint largely from an incident report prepared by the Division of Investigation and Intelligence using surveillance video and interviews. That report shows that at 4:02 pm on April 22, 2021, another prisoner, a Mr. Hicks, turned and struck still another offender in the face. At 4:03 pm, Mr. Hicks ran towards another offender and began making stabbing motions towards him. Multiple offenders then came and began to kick and punch Mr. Hicks.

Mr. Noy intervened to try to help Mr. Hicks. Mr. Noy alleges he was assaulted by several offenders in the process. The fight continued for the next two minutes until it dissipated on its own at 4:05 pm. But a minute later, at 4:06 pm, offenders began attacking Mr. Hicks and Mr. Noy again. The two were beaten by several offenders until a stinger grenade was deployed at 4:07 pm to end the fight.

Under the Eighth Amendment, correctional officials have a constitutional duty to protect inmates from violence. Farmer v. Brennan, 511 U.S. 825, 844 (1994). Mr. Noy doesn't contend that any defendant had reason to know the attack was coming and could have prevented it. *See* Santiago v. Wells, 599 F.3d 749, 756 (7th Cir. 2010) (failure-to-protect claim requires plaintiff to establish that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it"). Instead, he sues the Warden and Assistant Warden on a theory that the violence at MCF was so pervasive that this type of attack was almost certain to occur if nothing was done.

"Pervasive violence in a prison may create unconstitutional conditions of confinement." Lewis v. Richards, 107 F.3d 549, 554 (7th Cir. 1997). But Mr. Noy presents nothing other than this one fight to support his assertion that MCF is particularly violent. "[A]n inmate cannot show a widespread practice of an unconstitutional nature, such as a custom of ignoring prison policy, by pointing to isolated incidents of inmate-on-inmate brutality." Sinn v. Lemmon, 911 F.3d 412, 423 (7th Cir. 2018); s*ee also* Lewis v. Richards, 107 F.3d 549, 555 (7th Cir. 1997) ("But three attacks upon a single inmate are insufficient to let us classify an institution as suffering from pervasive violence."). The complaint doesn't plausibly allege the violence at MCF was so pervasive as to allow Mr. Noy to proceed against Warden Hyatte or Deputy Warden Payne.

Nor can he proceed against Warden Hyatte or Deputy Warden Payne on a failure-to-train claim. "[I]n the Eighth Amendment context, such [failure to train] claims may only be maintained against a municipality." Brown v. Budz, 398 F.3d 904, 918 (7th Cir. 2005) (quoting Sanville v. McCaughtry, 266 F.3d 724, 739–740 (7th Cir. 2001)). Neither defendant is a municipality in either their individual or official capacities, so Mr. Noy hasn't stated a plausible claim based on a failure to train.

Mr. Noy also sues Officer Eakright, alleging that his response to the fight was insufficient. Once an offender is under an attack, an officer cannot just stand by and do nothing. *See* Schillinger v. Kiley, 954 F.3d 990, 994-995 (7th Cir. 2020); *see also* Borello v. Allison, 446 F.3d 742, 748-749 (7th Cir. 2006) (noting Eighth Amendment violation can occur where prison official "did not respond to actual violence between

3

inmates"). The timeline of these events doesn't allow a reasonable inference that Officer Eakright was deliberately indifferent to the fight. *See* Klebanowski v. Sheahan, 540 F.3d 633, 639-640 (7th Cir. 2008) (deliberate indifference requires that a defendant was "actually aware of a substantial harm to [plaintiff's] health or safety, yet failed to take appropriate steps to protect him from the specific danger"). Officer Eakright isn't required to put himself in harm's danger by immediately intervening in what Mr. Noy describes as an "eight man dayroom brawl." ECF 1 at 5; Peate v. McCann, 294 F.3d 879, 883 (7th Cir. 2002) (prison guard "should not be required to put himself at risk by breaking up a fight between two inmates armed with weapons"). The complaint establishes that within five minutes of when the altercation began, correctional officers responded with a stinger grenade to break up the brawl. The complaint alleges no specific facts to suggest this response time was unreasonably slow or that Officer Eakright was otherwise deliberately indifferent to the situation.

Officer Eakright's supervisory position over the unit isn't a basis for liability. There is no supervisory liability under 42 U.S.C. § 1983. "Only persons who cause or participate in the violations are responsible." George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." Burks v. Raemisch, 555 F.3d 592, 596 (7th Cir. 2009). The complaint doesn't state a claim against Officer Eakright.

This complaint doesn't state any claim for which relief can be granted. If he believes he can state a claim based on (and consistent with) the events described in

this complaint, Mr. Noy may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." Abu-Shawish v. United States, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, Mr. Noy needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Marcus Noy until **April 19, 2023**, to file an amended complaint; and

(2) CAUTIONS Marcus Noy if he does not respond by April 19, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on March 15, 2023

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT